IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KEANE-ALEXANDER RON CRAWFORD,<br><br>            Petitioner,<br>vs.<br><br>BILL LAPINSKAS, Superintendent,<br><br>            Respondent. | No. 3:19-cv-00020-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 8] |

On May 13, 2019, Keane-Alexander Crawford, a self-represented state prisoner, filed a Motion for Extension of Time to File Reply to Answer to Petition and Request for Assistance of Federal Public Defender. Docket No. 8. This Court construes Docket No. 8 as containing both a Motion for Extension of Time and a Motion to Appoint Counsel.

This Court GRANTS IN PART Petitioner's Motion for Extension of Time at Docket No. 8. Petitioner is granted 30 additional days to reply to Respondent's arguments, and thus must file his Reply on or before June 17, 2019.

As a general matter, prisoners do not have a Sixth Amendment right to counsel beyond their trial and first appeal as of right, thus they do not have a constitutional right to counsel in federal habeas proceedings. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Duckett v. Godinez*, 67 F.3d 734, 750 (9th Cir. 1995). A

district court may appoint counsel for a habeas petitioner upon a finding that "the interests of justice so require" 18 U.S.C. § 3006A(a)(2)(B); *see also* Rule 8(c), Fed. R. Governing § 2254 Cases. For example, the interests of justice require that petitioners have appointed counsel to represent them during an evidentiary hearing. *See George v. Almager*, 674 F. Supp. 2d 1160, 1178 (S.D. Cal. 2009), *aff'd*, 432 F. App'x 683 (9th Cir. 2011); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir.1990). However, evidentiary hearings are rare because in review under § 2254(d)(1), the district court is bound by the "record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Gulbrandson v. Ryan*, 738 F.3d 976, 993-94 (9th Cir. 2013).

Petitioner declares that as a prisoner he is required to work and lacks experience with habeas petitions, and thus "could greatly benefit from the assistance of counsel." Docket No. 8 at 1-2. While this Court is not unmindful of the plight of unrepresented state prisoners in federal habeas proceedings, Petitioner has not presented this Court with reasons that show Petitioner's case is one of the rare circumstances where "the interests of justice so require" appointment of counsel, instead he shares that he is in a similar position as the vast majority of prisoners seeking federal habeas relief. For the foregoing reasons, this Court DENIES Petitioner's Motion to Appoint Counsel at Docket No. 8 without prejudice.

IT IS THEREFORE ORDERED that the Motion at Docket No. 8 is GRANTED IN PART and DENIED IN PART.

Dated at Anchorage, Alaska this 16th day of May, 2019.

     /s/ James K. Singleton
    JAMES K. SINGLETON, JR.
    Senior United States District Judge